### Carson Foster, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

1. VENUE—*when proof material.* In an action for personal injuries where the declaration relies solely upon the breach of a municipal ordinance it is essential under the general issue to prove that the injury claimed for occurred within the territorial limits of the municipality which enacted the ordinance in question.

2. EVIDENCE—*of what judicial notice taken.* A city court may take judicial notice of the boundaries of the city and the location of the streets of such city within which it has jurisdiction.

3. NEGLIGENCE—*what does not establish wilfulness.* To drive a car at a high rate of speed is not of itself proof of wilfulness.

4. NEGLIGENCE—*how wilfulness may be established.* It is not necessary to sustain the charge of a wilful injury that there should be proof that there was an intention to drive the car upon the plaintiff or that the motorman in charge of such car had any ill-will against the plaintiff, but it is necessary to prove not negligence merely but such conduct as would show a general intent to inflict an injury.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

SCHAEFER, FARMER & KRUGER, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment recovered against appellant in the City Court of East St. Louis.

The declaration charges that the city of East St. Louis was a municipal corporation possessed of divers public streets, among which were Thirteenth street, and Lake and Gross avenues, and that appellant had its tracks in Thirteenth street which street was bounded on the west by Central Park and on the east by Whittaker's family garden; that each of said parks were much frequented by day and by night by the public which defendant well knew; that the parks were opposite each other and about fifty feet south of Gross avenue and that the portion of Thirteenth street lying between the entrances of the two parks was much frequented by the public in passing to and fro over Thirteenth street which appellant well knew.

It was further averred there was an ordinance of the city of East St. Louis providing that "No street railway or interurban company shall by itself, agent or employee, run any street car upon or along any of the streets of said city at a greater speed than ten miles per hour;" that appellee was on said Thirteenth street between the entrances of said parks and while attempting to cross the same, the defendant wilfully and recklessly ran a street car along said street at a greater rate of speed than ten miles per hour, to-wit, twenty miles per hour by means whereof the car ran against appellee and he was injured.

Appellee while attempting to cross a street called Thirteenth street between two gardens and at a point between street intersections was struck by a car of appellant running north on Thirteenth street. As the judgment must be reversed and remanded for error well assigned on the record, we refrain from any discussion of the evidence, except to say that upon the material question of the alleged running of the car at a

speed prohibited by the alleged ordinance there was a sharp conflict in the testimony of the witnesses.

There was no direct evidence that the collision occurred within the city limits of East St. Louis. Under the averments of the declaration and the plea of the general issue, it was necessary and material to prove this averment. The only breach alleged was a violation of a speed ordinance of the city. Evidence of the venue need not be direct; if it can be fairly inferred from all the evidence it will be sufficient, but it must be proved either by direct evidence, or by facts and circumstances from which it may be inferred.

The action was local. It is only in civil cases arising within the city, of which the City Court of East St. Louis has jurisdiction, and the general rule is that where the place is a fact material to be averred as in local actions, it must be established by proof at the trial. Ency. of P. and P., Vol. 22, page 812.

We are of opinion that although the court might take judicial notice of the boundaries of the city and the location of its streets this did not dispense with the necessity of proving that the alleged injury occurred within the limits of the city.

We have examined the evidence to determine whether it furnished circumstances from which it might be inferred the injury occurred within the city. There is evidence that the streets described in the declaration ran in certain directions; that they were paved and had electric lights and that there was a "gaslight in front of Whittaker's;" that at the place where the collision occurred there were streets and blocks. Many witnesses testified they lived in East St. Louis and frequently went out to Central and Family parks. This evidence does not prove the venue nor does it prove facts from which it can fairly be inferred the injury occurred within the city limits. When the ordinance was offered in evidence, it was objected by appellant that no proper preliminary proof had been offered

upon which to base the introduction of it. The objection was sufficient and should have been sustained.

It follows that all instructions based upon the alleged ordinance or based upon the injury occurring within the city were erroneous.

The errors assigned challenge other instructions given for appellee and as the cause must be retried, they will be considered.

The third instruction given for appellee states that if the motorman wilfully and recklessly ran said car at an excessive rate of speed and thereby caused the injury to appellee, the jury should find for the appellee. To drive a car at a high rate of speed is not of itself, as to an injury that may result, wilfulness. It would depend upon the circumstances under which the car was driven.

"Negligence even when gross is but an omission of duty. It is not designed and intentional mischief although it may be cogent evidence of such act." C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512. It is not necessary to sustain the charge of a wilful injury that there should be proof that there was an intention to drive the car upon appellee or that the motorman had any ill will against him, but it is necessary to prove not negligence merely but such conduct as would show a general intent to inflict an injury. C. C. Ry. v. Jordan, 215 Ill. 390.

There should be, to make the act wilful, either an actual intent to injure, or such a conscious or intentional disregard of the rights of others as to warrant a conclusion that an injury was intended. *Ibid.*

The instruction complained of did not define wilfulness and set forth what was necessary to prove the charge, and was therefore misleading.

Appellee's instruction No. 5 authorized a recovery of damages for "future injuries" without any evidence to justify it. There was no evidence of a permanent injury.

We are of opinion that the second refused instruction asked by appellant stated a correct rule and should have been given.

F.or the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*